## DAVENPORT v. BREWER.

Court of Appeals of Kentucky.

Feb. 26, 1954.

Franklin & Franklin, Madisonville, for appellant.

Moore & Morrow, Madisonville, for appellee.

CAMMACK, Justice.

This action arose out of a collision between the cars of Orville Davenport and Robert Brewer. The collision occurred about eleven o'clock at night when Davenport's car struck Brewer's parked car. Brewer instituted the action for personal injuries, loss of time and damages to his car. Davenport counterclaimed for damages to his car. The appeal is from a judgment awarding Brewer $5000 for personal injuries, $563.04 for loss of time, and $150 for damages to his car. We are asked to reverse the judgment on that verdict because (1) the trial court erred in refusing to admit competent evidence; (2) the instruction relating to Davenport's duty as to the headlights on his car was erroneous; and (3) the verdict is excessive.

The jury's verdict follows:

"We the jury find the defendant—Davenport, guilty of not having his car under control,—and should pay the plaintiff, Brewer, $563.04 for lost of employment, $150.00 for his car, and $5000.00 for injuries,—* * *."

Brewer said he stopped his car on the shoulder of a straight stretch of road and that all of his car lights were burning. He said also that, when he got out of the hospital (after several days), the car lights were still burning. Davenport's testimony was that Brewer's car was parked on the main traveled part of the highway, without any lights burning. He said also that he remained at the scene for about 45 minutes and that he was present when Mr. and Mrs. John Bradley arrived. The Bradleys, who reached the scene of the accident about 45 minutes after it occurred, said Brewer's car was still in the road without any lights burning. The court sustained an objection to the testimony of the Bradleys. Mrs. Davenport's testimony substantiated that of her husband. James Sizemore said he passed a car at the scene of the accident

shortly before it occurred, and the lights were not burning. This witness said that shortly thereafter he returned to the scene and saw that a man had been hurt and he went on to Dawson Springs to report the accident. Amos Sizemore, who was riding with James Sizemore, said the parked car they passed did not have its lights burning and that they came back by the scene in about 10 minutes.

■ At most, the testimony of the Bradleys that Brewer's car lights were not burning was cumulative. So, even though it be conceded for the sake of argument that the testimony was competent, its exclusion was not prejudicially erroneous, under the facts of this case. Apparently, counsel for Brewer intended to ask him whether his car lights were still in good working order when he got out of the hospital, but we fail to see how Brewer's statement that his car lights were burning at that time was prejudicial to Davenport, in view of the jury's verdict that Davenport was "guilty of not having his car under control." The verdict shows that the question of whether the lights were burning on Brewer's car at the time of the collision was not the controlling question in the case.

■ In listing Davenport's duties the court told the jury that he was "To keep headlights burning on his automobile of sufficient brightness to light the way in front of said car for a sufficient distance to make it ordinarily safe to drive said automobile." The point is made that there was no question raised as to Davenport not having the lights burning on his car, and therefore no instruction should have been given on this point. While embodying elements of common sense, the instruction does not conform to the provisions of KRS 189.040, but again the verdict shows that the jury found Davenport "guilty of not having his car under control."

■ Brewer's doctor testified that he suffered from shock, had two and possibly three fractures of the pelvis, fractures of one of the bones of his lower right leg, a comminuted fracture of his heel, a fracture of the third metatarsal bone, a wound in the back of his right knee and abrasions over his body. This doctor said also that Brewer's injuries were of a permanent nature and that he would have limitation of motion in his knee, foot and ankle, and that he would continue to suffer from pain. The doctor who testified for Davenport said that Brewer's injuries were of a permanent nature.

We do not think the award of $5000 was excessive. Some question is made as to the amount allowed for loss of time. But again we do not think the amount was excessive.

Judgment affirmed.